# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8139 | **DATE** | 12-5-2011 |
| **CASE TITLE** | Arthur Kelly Moton (M-03871) vs. Benjamin Starks | | |

**DOCKET ENTRY TEXT**

Plaintiff Arthur Moton's motions for leave to proceed *in forma pauperis* [3] [5] are granted. The court authorizes trust fund officers at Moton's place of confinement to make deductions from his trust fund account in accordance with this order. However, Moton is ordered to show cause in writing, by January 5, 2012, why this case should not be dismissed for lack of subject matter jurisdiction. Specifically, Moton must file a memorandum addressing the citizenship of the parties. Moton's motion for the appointment of counsel [4] is denied without prejudice and may be re-filed if the court determines that it has subject matter jurisdiction over this case.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Plaintiff Arthur Kelly Moton (M-03871), an inmate at the Western Illinois Correctional Center, filed thus suit against Benjamin Starks and Carl Boyd, attorneys who represented Moton and Moton's father when administering the estate of Moton's grandfather. Moton alleges that Defendants' actions led to foreclosure proceedings with property from the estate.

Moton's application to proceed *in forma pauperis* demonstrates that he cannot prepay the $350 filing fee. The court thus grants his motion to proceed *in forma pauperis* and, pursuant to 28 U.S.C. § 1915(b)(1), assesses an initial partial filing fee of $2.80. The court authorizes the supervisor of inmate trust accounts at the Western Illinois Correctional Center to collect, when funds exist, the partial filing fee from Moton's prison trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the correctional facility where Moton is confined is authorized to collect monthly payments from Moton's prison account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th Floor, and shall clearly identify Moton's name and the case number of this action. Moton shall remain responsible for the filing fee, and Western Illinois trust account officers shall notify transferee authorities of any outstanding balance in the event he is transferred.

Although Moton may proceed *in forma pauperis*, preliminary review of his complaint, *see* 28 U.S.C. § 1915A, reveals that the court likely does not have subject matter jurisdiction. The complaint asserts claims of legal malpractice against Defendants, who are private attorneys, arising from legal services having nothing to do with Moton's conviction or imprisonment. Legal malpractice against private attorneys is a state law claim, not a federal claim. *See Hays v. Cave*, 446 F.3d 712, 713 (7th Cir. 2006) (legal malpractice is a state law claim over which federal courts do not have original jurisdiction, even when the subject of the malpractice involves federal issues). This means there is no federal question jurisdiction under 28 U.S.C. § 1331. There can be diversity jurisdiction under 28 U.S.C. § 1332 only if there is diversity of citizenship. However, it would appear that Moton and both Defendants are citizens of Illinois. *See* Doc. 1 at 2 (indicating that Moton is a citizen of Illinois), 8

| STATEMENT |
|---|

(indicating that Starks and Boyd are citizens of Illinios). If Moton and at least one Defendant are Illinois citizens, then there is no diversity jurisdiction.

      Accordingly, Moton is ordered to show cause in writing, by January 5, 2012, why this case should not be dismissed for lack of subject matter jurisdiction. Moton can discharge the order to show cause by filing a memorandum setting forth the citizenship of the parties. There can be diversity jurisdiction only if Moton is a citizen of a State different from the State of which Defendant Starks is a citizen and different from the State of which Defendant Boyd is a citizen. If no memorandum is filed, the court will assume that Moton and at least one Defendant are citizens of Illinois and will dismiss this case.