# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8139 | **DATE** | 1-31-2012 |
| **CASE TITLE** | Arthur Kelly Moton (M-03871) vs. Benjamin Starks | | |

**DOCKET ENTRY TEXT**

Plaintiff Arthur Kelly Moton's complaint is dismissed for lack of jurisdiction and without prejudice to him seeking relief in state court. This dismissal does not count as one of Moton's three allotted dismissals under 28 U.S.C. § 1915(g). Motion's 1/3/2012 letter [18] is construed as a motion for an extension of time and, as so construed, is denied. Civil case closed.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

     Plaintiff Arthur Kelly Moton, a Western Illinois Correctional Center inmate who is currently at the Clayton Work Camp, filed this action against Benjamin Starks and Carl Boyd, attorneys who represented Moton and Moton's father when administering the estate of Moton's grandfather. Moton alleges that the attorneys' actions led to foreclosure proceedings with property from the estate.

     On December 2, 2011, this court ordered Moton to show cause why this case should not be dismissed for lack of subject matter jurisdiction. The order was issued because Moton's complaint brings only state law malpractice claims and does not plead that the parties are of diverse citizenship. In fact, it appears from the complaint and its attachments that all parties citizens of Illinois.

     In response, Moton has submitted several letters regarding: (1) obtaining copies of his grandfather's will, the mortgage on his grandfather's house, and the judgment of foreclosure; (2) seeking corrections to Moton's parole record; (3) contacting Moton's attorney in another case for information about Defendants; (4) obtaining testimony from an attorney who represented Moton in an attempt to save his grandfather's house from foreclosure; and (5) seeking more time to research jurisdictional issues and draft a memorandum on citizenship. Docs. 13-18. Upon review of the complaint and Moton's letters, it is clear that diversity jurisdiction does not exist. Moton states that the property underlying his claim is in south Chicago and that he was living there with his daughter. Doc. 16. Defendants are lawyers at a law firm in south Chicago. Doc. 1 at 8. Accordingly, it is plainly apparent that Moton and Defendants are citizens of Illinois, meaning that there is no diversity jurisdiction. Additionally, Moton does not assert that any of his claims arise under federal law. Further research will not reveal that Moton's legal malpractice claims sound in federal law or that both Defendants are not citizens of Illinois. In any event, Rule 11(b) required Moton to have investigated a basis for invoking federal subject matter jurisdiction *before* filing this suit. *See Macken v. Jensen*, 333 F.3d 797, 800 (7th Cir. 2003). Moton's failure to do so warrants dismissal for lack of subject matter jurisdiction. *See id*. at 800-01.

     This dismissal is without prejudice to Moton filing his claims against the defendant attorneys in state court. Moton should have one year from the date of this dismissal to sue in state court. *See* 735 ILCS 5/13-217 (giving one year to refile in state court a claim "dismissed by a United States District Court for lack of jurisdiction"). Also, because the dismissal is based upon lack of jurisdiction and not one of the grounds enumerated in 28 U.S.C. § 1915(g), this court will not impose a strike.

**STATEMENT**

If Moton wishes to appeal this dismissal, he should file a notice of appeal with this court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4). If Moton seeks to file his appeal *in forma pauperis*, he must submit an application that sets forth the issues he plans to present to the appeals court. *See* Fed. R. App. P. 24(a)(1)(C). Should Moton appeal, he will be liable for the $455 appellate filing fee regardless of the outcome of the appeal. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be frivolous, he may accumulate a strike under 28 U.S.C. § 1915(g). The accumulation of three strikes under § 1915(g) will result in Moton not being able to file an action in federal court without prepaying the filing fee, unless the suits alleges that he is imminent danger of serious physical injury.